Filed 11/1/13  P. v. Crego CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID THOMAS CREGO,<br><br>    Defendant and Appellant. | C067152<br><br>(Super. Ct. Nos. 09F07220 &<br>10F07365) |

On counts one and two, a jury convicted defendant David Thomas Crego of lewd and lascivious acts with a 15-year-old child.  The trial court declared a mistrial on count three.  Nonetheless, the trial court had instructed the jury that if the jury determined, either beyond a reasonable doubt or by a preponderance of the evidence, that defendant committed the act alleged in count three, the jury could consider that act in determining whether defendant was disposed or inclined to commit the offenses charged in counts one and two.

1

Defendant challenges that instruction, claiming it violated his federal due process rights because the trial court did not conduct an Evidence Code section 352[1] analysis, and because the instruction improperly included references to both the beyond-a-reasonable-doubt standard and the preponderance-of-the-evidence standard.

We conclude the trial court did not commit instructional error. We will affirm the judgment.

BACKGROUND

One afternoon in March 2009, defendant watched a movie in his living room with one of his stepgranddaughters and her 15-year-old half-sister, J.E. J.E. was lying on a sofa covered by a blanket; defendant sat near her head. J.E. testified that defendant touched her breast and buttocks during the final 30 minutes of the film.

M.K was another stepgrandaughter of defendant's. She began living with her grandmother and defendant when she was in sixth grade. M.K. testified that one evening when she was 12 years old and in seventh grade, she fell asleep watching television with defendant and woke up to discover his hand on her breast.

In addition, another stepgranddaughter, A.C., testified that she remembered many years earlier falling asleep while watching television with defendant at his home. She said she woke up to find his hand on her upper thigh.

Count one of the amended consolidated information alleged that defendant violated Penal Code section 288, subdivision (c)(1), committing a lewd and lascivious act against J.E. by touching her breasts. Count two alleged that defendant violated Penal Code section 288, subdivision (c)(1), committing a lewd and lascivious act against J.E. by rubbing her buttocks. And count three alleged that defendant violated Penal Code section 288, subdivision (a), committing a lewd and lascivious act against M.K.

---

[1] Undesignated statutory references are to the Evidence Code.

Defendant described himself as a "huggy guy." He testified that he had inadvertently touched J.E.'s breast while tickling her on the night in question. He denied rubbing her buttocks. Defendant said that, over the years, it was possible his hand fell on or near M.K.'s breast. Nonetheless, he denied being sexually aroused by the minors and he categorically denied the charges against him.

Among other things, the trial court instructed the jury as follows:

"Now, if you decide the defendant committed the offense of Penal Code Section 288(a) with regard to [M.K.] as alleged in Count 3 or of the lesser included offense of Penal Code Section 288(c)(1),[2] either beyond a reasonable doubt or by a preponderance of the evidence, you can consider whether the fact that you found that he committed the underlying offense convinces you that he was disposed or inclined to commit the offenses with regard to [J.]E. in Counts 1 and 2, as outlined in instruction No. 1191, or as evidence of defendant's intent regarding [J.]E.'s offenses as outlined in instruction 375.[3] [¶] The People must still prove the elements of each offense beyond a reasonable doubt before you can find him guilty of any particular count."

---

[2] Penal Code section 288, subdivision (c)(1) pertains to lewd and lascivious acts with a child ages 14 or 15, when the offender is at least 10 years older than the child. The trial court also instructed that battery (Pen. Code, § 242) is a lesser included offense of Penal Code section 288, subdivision (c)(1).

[3] CALCRIM No. 1191 pertains to uncharged criminal conduct. The trial court instructed the jury that it should consider the evidence about the incident with A.C. an uncharged act, directing the jury to decide whether the prosecution proved the conduct involving A.C. by a preponderance of the evidence and, if it did not, to disregard the evidence entirely. There were no instructions in the record explicitly applying CALCRIM No. 1191 to the evidence about M.K. CALCRIM No. 375 also pertains to uncharged conduct. The trial court instructed the jury: "If you decide that the defendant committed the [uncharged] offense [against A.C.], you may, but are not required to consider" whether defendant had a propensity to commit the charged crimes. Limiting instructions and definitions followed.

3

Defendant objected to the instruction, but he did not request clarification or amplification. At the start of deliberations, the jury asked to have some of the testimony read back to them.

The jury found defendant guilty on counts one and two, the counts pertaining to J.E. On count three, the count pertaining to M.K., the trial court declared a mistrial.

DISCUSSION

I

Defendant contends the challenged instruction violated his federal due process rights because the trial court did not conduct a section 352 analysis.

Section 1108 provides that in a criminal action in which a defendant is accused of a sexual offense, evidence that the defendant committed another sexual offense is not inadmissible under section 1101 if it is not otherwise inadmissible under section 352. Section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

In *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*), the trial court made no express finding that the probative value of the propensity evidence outweighed the danger of undue prejudice or confusion; nonetheless, the California Supreme Court determined that such an analysis was implicit in the record. (*Id.* at p. 1168 [finding made on the basis of " 'record indications *well short* of an express statement,' " quoting *People v. Padilla* (1995) 11 Cal.4th 891, 924, partly overruled on other grounds by *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1].) But in any event, the court ruled any error in failing to make such an analysis was harmless in that case. (*Villatoro, supra,* 54 Cal.4th at p. 1168.)

Here, we conclude that even though the trial court did not make an explicit section 352 analysis, any error in conducting the analysis was harmless. The three victims were close in age, were related to defendant by blood or marriage, and all three had been on a

4

sofa at defendant's home when he touched intimate parts of their bodies in a way that made them uncomfortable. The conduct was similar, the evidence was probative of defendant's propensity to commit such offenses, and its value substantially outweighed any prejudice. (See *Villatoro, supra,* 54 Cal.4th at pp. 1168-1169.)

II

Defendant next contends the challenged instruction violated his federal due process rights because the instruction improperly included references to both the beyond-a-reasonable-doubt standard and the preponderance-of-evidence standard.

In considering a constitutional challenge to a jury instruction involving the burden of proof, we review the instructions as a whole, in light of the entire record, "to determine whether it is reasonably likely the jury understood the challenged instruction in a way that undermined the presumption of innocence or tended to relieve the prosecution of the burden to prove defendant's guilt beyond a reasonable doubt." (*People v. Paysinger* (2009) 174 Cal.App.4th 26, 30.)

The jury instruction at issue was based on CALCRIM No. 1191 (evidence of uncharged sex offense), modified at the prosecution's request for application to the evidence of the charged offense involving M.K. CALCRIM No. 1191 applies the preponderance of evidence standard, stating in relevant part: "You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offense[s]." (CALCRIM No. 1191.) The trial court used the pattern instruction with respect to evidence about A.C., and defendant does not challenge the instruction pertaining to A.C.

Regarding the evidence about M.K., however, the prosecution requested a modification of the pattern instruction because "whether they find the defendant committed the incident involving [M.K.] beyond a reasonable doubt or by a preponderance of the evidence[,] they can use that evidence in [J.E.]'s incident." In response to an objection by the defense about potential confusion on the standard of

5

proof, the trial court ruled that giving the instruction with respect to the uncharged conduct against A.C. alone might have led the jury to conclude that it was precluded from considering evidence of the charged conduct against M.K. as propensity evidence.  Over objection, the trial court modified the pattern jury instruction as requested by the prosecutor.

The Attorney General contends the failure of defense counsel to promptly request clarification or amplification of the instruction forfeited the argument on appeal.  In *People v. Samaniego* (2009) 172 Cal.App.4th 1148, the appellate court held that clarification or amplification must be immediately requested if a jury instruction is "generally an accurate statement of law."  (*Id*. at p. 1163.)  Here, however, although the law regarding use of charged acts as propensity evidence was unsettled at the time of trial, the issue was subsequently addressed (before briefing was completed in this case) in *Villatoro, supra,* 54 Cal.4th 1152.

The California Supreme Court held that "nothing in the language of section 1108 restricts its application to uncharged offenses.  Indeed, the clear purpose of section 1108 is to permit the jury's consideration of evidence of a defendant's propensity to commit sexual offenses."  (*Villatoro, supra,* 54 Cal.4th at p. 1164.)  Responding to a concern expressed in a concurring and dissenting opinion that there might be " 'bootstrapping of verdicts,' " the majority said other standard jury instructions preclude a jury from convicting a defendant on one count based only on a guilty verdict on another count.  (*Id*. at p. 1165.)  The majority also emphasized that it is not the verdict, but rather the underlying factual finding of the commission of the other act, that the jury relies on to draw an inference of disposition or propensity.  (*Ibid*.)

Defendant argues *Villatoro* is inapposite because there, the modified instruction required the jury to apply the "beyond a reasonable doubt" standard for both the verdict *and* the propensity finding.  The California Supreme Court did note that the use of the same standard for both purposes assured that there was "no risk [that] the jury would

6

apply an impermissibly low standard of proof." (*Villatoro, supra,* 54 Cal.4th at p. 1168.) But the Supreme Court did not hold that a jury could only consider charged conduct for propensity purposes if it first found the charged conduct true beyond a reasonable doubt; it looked to the entirety of the instructions to assess whether the presumption of innocence was undermined in that case. (*Id*. at pp. 1168-1169.) We must do the same.

The modification to CALCRIM 1191 in this case was not a model of clarity. Reviewed in context, however, there is no evidence that it caused the jury to apply an impermissibly lower standard of proof.

Defendant does not challenge the jury instruction for evidence about defendant's uncharged conduct with A.C. It follows that the same jury should have been able to use factually similar evidence about M.K. in the same way, regardless of whether the jury concluded the evidence about M.K. was sufficient for conviction. That was the trial court's purpose for issuing the challenged instruction.

Defendant suggests that the jury's request to rehear evidence demonstrates prejudicial error in the challenged instruction. We disagree. J.E.'s testimony about the charged incident was diametrically opposed to defendant's testimony. The jury had to decide whether defendant reached into J.E.'s bra and rubbed the nipple of her left breast for about a minute as she said, or whether he accidentally touched the side of her bra for "two seconds, three seconds, four seconds max" while tickling her, as he said. Either he rubbed his hand in a circular motion in the area where her legs started as she said, or he never touched her buttocks at all. These credibility determinations may or may not have been influenced by the evidence about A.C. and M.K., but listening to the evidence again does not suggest that the jury misunderstood its instructions.

The use of one standard for a charged offense and another for propensity evidence is not unduly confusing in itself. (*People v. Reliford* (2003) 29 Cal.4th 1007, 1016.) We presume jurors will understand and properly apply the instructions. "We will presume here that jurors can grasp their duty -- as stated in the instructions -- to apply the

7

preponderance-of-the-evidence standard to the preliminary fact identified in the instruction and to apply the reasonable-doubt standard for all other determinations." (*Ibid.*)

On this record, there is no reasonable likelihood the jury misunderstood and misapplied the challenged instruction in a way that undermined the presumption of innocence or relieved the prosecutor's burden to prove the case against defendant beyond a reasonable doubt.

## DISPOSITION

The judgment is affirmed.


_____MAURO_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____HOCH_____, J.